406 Mass. 857                                      857

Daley v. Board of Appeal on Motor Vehicle Liab. Policies & Bonds.

DANIEL E. DALEY vs. BOARD OF APPEAL ON MOTOR
VEHICLE LIABILITY POLICIES AND BONDS.

Suffolk. November 9, 1989. - March 8, 1990.

Present: LIACOS, C.J., WILKINS, ABRAMS, O'CONNOR, & GREANEY, JJ.

*Motor Vehicle*, Board of Appeal on Motor Vehicle Liability Policies and
Bonds, Operating under the influence. *Practice, Criminal*, Sentence.

Where a motorist, who had been previously convicted of operating a motor
vehicle while under the influence of intoxicating liquor (O.U.I.) and
sentenced as a first offender pursuant to G. L. c. 90, § 24D, was con-
victed of a second offense after a District Court trial but, upon appeal
to a jury-of-six session, pleaded guilty "to as much of [the] complaint
[as] allege[d] 1st offense," which plea was accepted by a judge who,
proceeding as if the motorist had been convicted of O.U.I. for only the
first time, ordered suspension of the plaintiff's license for ninety days,
the registrar of motor vehicles, relying on the two-year mandatory revo-
cation provision of G. L. c. 90, § 24, properly refused the motorist's
request to restore his license at the expiration of the ninety-day suspen-
sion period ordered by the judge. [858-861]

CIVIL ACTION commenced in the Superior Court Depart-
ment on June 13, 1988.

Motions for summary judgment were heard by *John L.
Murphy, Jr.*, J.

The Supreme Judicial Court on its own initiative trans-
ferred the case from the Appeals Court.

*Richard J. Vita* (*Jeffrey L. Baler* with him) for the
plaintiff.

*Peter Sacks*, Assistant Attorney General, for the
defendant.

O'CONNOR, J. On February 22, 1985, the plaintiff was
convicted of operating a motor vehicle while under the
influence of intoxicating liquor (O.U.I.) in violation of
G. L. c. 90, § 24, as amended through St. 1984, c. 189,

§ 65, and was sentenced as a first offender pursuant to G. L. c. 90, § 24D, as appearing in St. 1982, c. 373, § 16. On November 13, 1987, the plaintiff was again convicted of O.U.I. after a District Court trial. Although the complaint has not been reproduced in the record appendix, the parties seem to assume, as do we, that the complaint described the alleged offense as a second offense. The plaintiff (defendant in the criminal case) appealed to a jury of six and pleaded guilty "to as much of [the] complaint [as] allege[d] 1st offense." The judge then accepted the plea and proceeded as if the plaintiff had just been convicted of O.U.I. for the first time. He sentenced the plaintiff to one year of probation, ordered completion of an alcohol rehabilitation program, and ordered suspension of the plaintiff's license for ninety days.

When the ninety-day suspension expired, the plaintiff sought to retrieve his license from the registrar of motor vehicles. The registrar refused, relying on G. L. c. 90, § 24 (1988 ed.), which provides for a two-year license revocation for those who have been convicted twice of O.U.I. within a six-year period. The plaintiff appealed to the defendant Board of Appeal on Motor Vehicle Liability Policies and Bonds (board), and a hearing was held. The board affirmed the registrar's decision.

The plaintiff obtained judicial review in the Superior Court under G. L. c. 30A, § 14 (1988 ed.). Both parties filed motions for summary judgment. A judge denied the plaintiff's motion, allowed the board's motion, and ordered that the plaintiff's complaint be dismissed. The plaintiff appealed. We transferred the appeal from the Appeals Court to this court on our own initiative. We now affirm the judgment below.

General Laws c. 90, § 24 (1) (*a*) (1), provides mandatory minimum sentences for O.U.I. Under § 24 (1) (*b*), a conviction under § 24 (1) (*a*) (1), except for certain first offenders, results in the automatic revocation of the defendant's driver's license. The length of the revocation period is mandated by § 24 (1) (*c*) (1)-(3 ½) and depends on the number of the defendant's prior offenses. The revocation period for a second

offender is two years. G. L. c. 90, § 24 (1) (c) (2) (1988 ed.). There is one exception to these mandatory license revocation procedures, namely the provision in c. 90, § 24D, relative to first offenders. That section provides: "Any person convicted of or charged with [O.U.I.], may, if he consents, be placed on probation for not more than two years and shall, as a condition of probation, be assigned to a driver alcohol education program as provided herein and, if deemed necessary by the court, to an alcohol treatment or rehabilitation program or to both, and the person's license or right to operate shall be suspended for a period of no less than forty-five nor more than ninety days . . . . *The provisions of this section shall not apply to any person convicted or assigned to an alcohol education or rehabilitation program because of a like offense by a court of the commonwealth within a period of six years preceding the date of the commission of the offense with which he is charged . . .*" (emphasis added).

By virtue of the last quoted sentence, § 24D does not apply to this case because the plaintiff had been convicted of a "like offense" within six years.

Instead, c. 90, § 24 (1) (c) (2), applies. It provides: "Where the license or the right to operate of a person has been revoked under paragraph (b) [as here] and such person has been previously convicted of . . . a like violation within a period of six years preceding the date of the commission of the offense for which such person has been convicted [as here], the registrar shall not restore the license or reinstate the right to operate of such person unless the prosecution of such person has terminated in favor of the defendant, until two years after the date of the conviction . . . ." The board's conclusion that the registrar properly refused to restore the plaintiff's license at the expiration of the ninety-day suspension period ordered by the judge was correct.

The plaintiff argues that, under § 24 (1) (c) (2), the appropriate revocation period was not two years because the Commonwealth's O.U.I. case against him had "terminated in [his] favor," that is, the judge's acceptance of his plea of guilty "to as much of [the] complaint [as] allege[d] 1st of-

fense" established that the offense for which he was con-
victed was a first offense. Thus, says the plaintiff, the provi-
sions of § 24D, including suspension of license for forty-five
to ninety days, were available to him. We disagree. A "com-
plaint [of O.U.I.] should set forth any former conviction that
may be relied on to justify greater punishment on conviction
. . . [but] [a] prior offense is not part of the crime charged; it
relates only to punishment. . . . A defendant, if convicted of a
charge, will be entitled to a separate trial on the issue
whether he had been convicted of a prior, like offense.
G. L. c. 278, § 11A." (Citations omitted.) *Commonwealth
v. Murphy*, 389 Mass. 316, 320-321 (1983). By accepting
the guilty plea, the judge did not pass on the question
whether the offense was a first or second offense.[1] The regis-
trar, then, was free to conclude that the most recent convic-
tion was for a second, like offense within a six-year period.

The plaintiff argues that, even if the judge was in error in
ordering suspension of the plaintiff's license for only ninety
days, "the Registrar is not empowered to change the sen-
tence." The short answer to that argument is that, in carry-
ing out his statutory duty, the registrar has not purported to
change the sentence. The sentence remains intact. The two-
year revocation is in effect pursuant to statute.

Finally, the plaintiff argues that the existence of a plea
agreement calling for a ninety-day license suspension re-
quired the registrar to restore the plaintiff's license after the
expiration of that period. It is entirely clear that no agree-
ment between the prosecutor and the plaintiff could require
the registrar to ignore his statutory duty. See *Dunbrack* v.
*Commonwealth*, 398 Mass. 502, 505 (1986). Of course, if
the plaintiff wishes to challenge the validity of the guilty plea

---

[1] We intend no suggestion concerning whether, if the prior offense were
indeed an element of the crime charged, the acceptance of a plea of guilty
"to as much of [the] complaint [as] allege[d] 1st offense" would establish
that the O.U.I. offense was a first offense.

as predicated on an unfulfilled agreement, he is free to move for a new trial. *Id.* at 504.

*Judgment affirmed.*