Giles, J.

Introduction

This is an action by the plaintiff, Kimberly D. Mascia (“plaintiff’), seeking judicial review under G.L.c. 30A, Sec. 14 of a decision of the defendants, Commonwealth of Massachusetts Registry of Motor Vehicles (“RMV”) and Massachusetts Board of Appeal on Motor Vehicle Liability Policies and Bonds (“Board") (collectively, “defendants”) revoking her driver’s license for two years. Both sides have moved for judgment on the pleadings, which motion the plaintiff opposes. For the reasons stated herein, the plaintiffs motion is ALLOWED; and the defendants’ motion is DENIED.

Background

On March 31, 1989, the plaintiff was convicted in the Winchendon District Court of the offense of operating under the influence of intoxicating liquor (“O.U.I.L.”). As part of her sentence, she was required to attend a driver alcohol education program pursuant to G.L.c. 90, Sec. 24D.
On December 30, 1998, less than ten years from the date of her first conviction, the plaintiff was arrested again for O.U.I.L. A two-count complaint issued against her in Milford District Court, charging her with “OUI-LIQUOR” under G.L.c. 90, Sec. 24 (Count 1) and “MARKED LANES VIOLATION” (Count 2) under G.L.c. 89, Sec. 4A. The “PENALTY” set out under Count 1 described the mandatory penalties for a first-offense O.U.I.L. pursuant to G.L.c. 90, Sec. 24(l)(a)(l): “Imprisonment for not more than 2+ years; or not less than $500, not more than $5000 fine, plus $ 125 Head Injury Treatment Services Fund surcharge; or both imprisonment and fine; no filing or continuance without a finding; and license revoked for 1 year . . . If 1st offense in 10 years,... judge may allow first [sec.] 24D alternative: probation not more than 2 years, plus driver alcohol education program, or alcohol treatment or rehabilitation program, or both, plus its program fee, plus $250 assessment for apprehension, treatment and rehabilitation programs, plus license suspended not less than 45 days, not more than 90 days ...” Count 1 made no reference to a second or subsequent offense or to the plaintiffs previous conviction, nor did it mention, the potential enhanced penalties for a second or subsequent offense.
On February 22, 1999, the plaintiff admitted to sufficient facts before the District Court, Powers, J. On the O.U.I.L. charge, she was sentenced to one year probation and given a G.L.c. 90, Sec. 24D disposition (driver alcohol education program), a forty-five day loss of license, and a $250 “state fee."
Upon receiving notice of the plaintiff s conviction, the RMV suspended the plaintiffs driver’s license for two years on the basis of G.L.c. 90, Sec. 24(l)(c)(2), which requires a two-year loss of license in the event of a second O.U.I.L. conviction within ten years. The plaintiff appealed that suspension to the Board, which found that she had a prior O.U.I.L. conviction within that ten-year “look-back” period and affirmed the two-year license suspension. The instant action ensued.[1]

Discussion

Judicial review of an agency decision pursuant to G.L.c. 30A focuses upon whether substantial evidence supported the agency decision, Tenneco, Inc. v. Commissioner of Rev., 401 Mass. 380, 383 (1987); Arnone v. Commissioner of Social Services, 43 Mass.App.Ct. 33, 34 (1997), and is confined to the record, G.L.c. 30A, Sec. 14(5); Old Towne Liquor Store, Inc. v. ABCC, 372 Mass. 152, 153 (1977). The burden is on the party challenging the invalidity of the administrative determination. Faith Assembly of God of South Dennis & Hyannis, Inc. v. State Building Code Commission, 11 Mass.App.Ct. 333, 334-35 (1981).
The .court is required to give “due weight to the experience, technical competence and specialized knowledge of the agency, as well as to the discretionary authority conferred upon it.” G.L.c. 30A, Sec. 14(7); Dohoney v. Director of the Div. of Employment Sec., 377 Mass. 333, 337 n.3 (1979). The court "must apply all reasonable presumptions in favor of the validity of the administrative action,” Consolidated Cigar Corp. v. Dept. of Public Health, 372 Mass. 844, 855 (1977); and it may not engage in a de novo determination of the facts, Vaspourakan. Ltd. v. ABCC, 401 Mass. 347, 350 (1987), or substitute its own judgment for that of the agency, Southern Worcester County Reg. Vocational School Dist. v. Labor Relations Comm’n., 386 Mass. 414, 420 (1982).
*706 In support of their motion for judgment on the pleadings, the defendants rely heavily upon the case of Daley v. Board of Appeal on Motor Vehicle Liability Policies and Bonds, 406 Mass. 857 (1990). That reliance is unavailing, for that case is readily distinguishable. In Daley, the parties conceded that the complaint described the O.U.I.L. offense as a second offense. Id. at 858. In the instant action, by contrast, the complaint could only be deemed to be one that charged a first offense. The penalties prescribed were those for a first offense, and there was no reference either to the plaintiffs prior conviction or the potential for enhanced penalties for a subsequent offense. If the Commonwealth had intended to rely upon the plaintiffs prior conviction to justify greater, second-offender punishment upon conviction, the complaint should have set forth any prior conviction. Commonwealth v. Murphy, 389 Mass. 316, 320-21 (1983). Furthermore, if the plaintiff had been charged with a second or subsequent offense, she would have been entitled to a separate trial by jury on the issue of the conviction of the prior offense. G.L.c. 278, Sec. 11A; Commonwealth v. Koney, 421 Mass. 295, 301 n.3 (1995); Commonwealth v. Zuzick, 45 Mass.App.Ct. 71, 74 (1998).
It was the District Attorney’s prerogative to charge the plaintiff only with a first offense.
See Cambridge v. Phillips, 415 Mass. 126, 130 (1993); Commonwealth v. Zuzick, supra. It is not for this court to question the wisdom of that decision or the propriety of the Milford District Court’s imposition of a G.L.c. 90, Sec. 24D disposition.[2] It is enough to say that, under the facts of this case, the defendants were not free to conclude that the plaintiffs most recent conviction was for a second, like offense within ten years. In doing so, they impermissibly interfered with a court order, an inherent judicial function, and thereby violated the separation of powers doctrine. See Gray v. Commissioner of Revenue, 422 Mass. 666, 671 (1996); Hoffer v. Commissioner of Correction, 397 Mass. 152, 156 (1986).
ORDER
For all the foregoing reasons, it is hereby ORDERED that the defendants’ decision revoking the plaintiffs license for two years be SET ASIDE.

 Another judge of this court earlier stayed the imposition of the license suspension.

 A person cannot be assigned to an alcohol education program who has been assigned to such a program within the past ten years. G.L.c. 90, Sec. 24D.