### COMMONWEALTH vs. PATRICK J. CAHILL.

Essex. May 4, 2004. - June 24, 2004.

Present: MARSHALL, C.J., GREANEY, IRELAND, SPINA, COWIN, SOSMAN, & CORDY, JJ.

*Motor Vehicle,* Operating under the influence. *Practice, Criminal,* Sentence. *Statute,* Construction.

This court concluded that because an ambiguity existed in the statutory scheme regarding the revocation of licenses of persons convicted of operating a motor vehicle while under the influence of liquor as a second offense, a judgment suspending the defendant's license for two years should be vacated, where his case received a disposition pursuant to G. L. c. 90, § 24D, which provides, inter alia, that the offender's license is to be suspended for no more than ninety days. [129-134]

COMPLAINT received and sworn to in the Haverhill Division of the District Court Department on January 21, 2003.

A plea of guilty was accepted by *Kevin J. Gaffney,* J.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Randy S. Chapman* for the defendant.

*James A. Janda,* Assistant District Attorney, for the Commonwealth.

SPINA, J. The defendant appeals from a sentence revoking his driver's license for two years after he pleaded guilty in the District Court to a second offense of operating while under the influence of liquor. See G. L. c. 90, § 24. He argues that, because his case received a disposition pursuant to G. L. c. 90, § 24D, which provides, inter alia, that the offender's license is to be suspended for no more than ninety days, the judge exceeded his statutory authority in imposing a two-year loss of license. Because we agree that the statutory scheme is ambiguous, and that such ambiguity must be resolved in favor of the defendant, we vacate the judgment insofar as it orders revocation of the defendant's license for two years, and remand to the

trial court for a hearing to determine the term of suspension (from forty-five to ninety days) of the defendant's license under G. L. c. 90, § 24D.[1]

1. *Facts.* The background facts are taken from the recitation by the prosecutor at the defendant's plea hearing. The defendant was stopped by a Haverhill police officer on January 18, 2003, following a hit and run collision in that city. The officer noticed the defendant's eyes were glassy, and that he slurred his speech and had an odor of alcohol on his breath. After failing two field sobriety tests, the defendant was placed under arrest.

At the plea hearing on February 4, 2003, defense counsel informed the judge that the defendant would plead guilty to a charge of driving while under the influence, second offense. Because the conviction on the first offense had occurred more than ten years before the second offense,[2] the Commonwealth and defense counsel agreed that the defendant was entitled to a disposition pursuant to then newly amended G. L. c. 90, § 24D,[3] and jointly recommended that he be placed on probation for one year. They disagreed, however, as to how long the defendant should lose his license. Defense counsel argued for a forty-five day suspension pursuant to § 24D, while the prosecutor recommended a two-year revocation.[4] See G. L. c. 90, § 24 (1) (*c*) (2). Both sides acknowledged that, under the new amendments

---

[1]While G. L. c. 90, § 1, does not define either revocation or suspension, the terms may have distinct implications under the drunk driving statutes. At the time of the defendant's sentencing, a license suspended under G. L. c. 90, § 24D, was retained in the probation office of the court for the duration of the suspension period. (As of June 30, 2003, the probation department will dispose of a suspended license. See St. 2003, c. 28, § 13.) A revoked license, on the other hand, is immediately surrendered to the prosecuting officer, who forwards it to the Registrar of Motor Vehicles. See G. L. c. 90, § 24 (1) (*b*).

[2]When the judge asked for the date of the prior offense, defense counsel replied, "It's more than eleven years ago, I think, was the date of offense of that one, and the conviction for the prior."

[3]General Laws c. 90, § 24D, as amended through St. 2002, c. 302, § 5, provides, in pertinent part: "This section shall . . . apply to any person convicted of or charged with operating a motor vehicle while under the influence of intoxicating liquor who has been convicted of such offense . . . 10 years or more before the date of the commission of the offense for which he is to be sentenced, once in his lifetime."

[4]The Commonwealth's recommendation of a two-year loss of license prompted the court clerk to ask, "How can you have a [G. L. c. 90, § 24D,]

to the drunk driving statutes, the duration of license loss required by law was unclear.[5]

After taking a recess to research the issue, the judge decided to revoke the defendant's license for two years. In support of his ruling, he stated that he "drew the parallel" to the previous version of § 24D, which imposed a two-year loss of license if the prior conviction occurred six to ten years earlier. See G. L. c. 90, § 24D, as amended through St. 1994, c. 25, § 7. The judge also cited a memorandum from the Chief Justice of the District Court Department that construed the amended drunk driving laws as mandating a two-year loss of license for all second offenders. Declining the judge's offer to withdraw his tender of plea, the defendant accepted the proposed disposition "with the understanding that it's our intention to challenge the loss of license."

Following the plea colloquy, the judge found the defendant guilty of operating while under the influence, second offense, and sentenced him to one year of probation, conditional on his completion of an alcohol treatment program, and a two-year loss of license.[6] On February 13, 2003, the defendant filed a notice of appeal and a motion for stay of sentence pending appeal, which was denied on February 25, 2003. The defendant then filed a motion in the Appeals Court for a stay of so much of the sentence imposing a loss of license beyond forty-five days, which was granted by a single justice. We transferred this case from the Appeals Court on our own motion.

2. *Discussion.* We may review a sentence to determine whether it is illegal. See *Commonwealth* v. *Molino*, 411 Mass. 149, 155 (1991); *Commonwealth* v. *Bergquist*, 51 Mass. App. Ct. 53, 55 (2001). See also *Commonwealth* v. *Woodward*, 427 Mass. 659, 685 (1998). The defendant claims the revocation of his driver's license for two years is illegal because the plain

disposition with a two-year —," to which defense counsel responded, "That's the million dollar question."

[5]The amendments to G. L. c. 90, §§ 24 and 24D, St. 2002, c. 302, took effect on November 28, 2002, approximately seven weeks before the defendant committed his second offense. As the prosecutor noted, the instant case was "one of the first situations of this sort that's come through."

[6]A charge of leaving the scene after causing property damage was continued without a finding for three months.

language of G. L. c. 90, § 24D, calls for a suspension of from forty-five to ninety days. Any other interpretation, he argues, "would effectively nullify the clear legislative intent" of the statute as amended. The Commonwealth contends that, because the defendant has a previous conviction of operating while under the influence, the amended G. L. c. 90, § 24 (1) (*b*) and (1) (*c*) (2), require that his license be revoked for two years. Underlying the confusion is the simultaneous amendment of both statutes, effective November 28, 2002, by St. 2002, c. 302, which is entitled "An Act relative to repeat offenders of the crime of operating a motor vehicle under the influence of alcohol."[7]

General Laws c. 90, § 24 (1) (*b*), as amended through St. 2002, c. 302, § 3, provides, in pertinent part, that a conviction of operating while under the influence of alcohol "shall revoke the license or right to operate of the person so convicted *unless* such person has *not* been convicted of . . . a like offense by a court of the commonwealth or any other jurisdiction preceding the date of the commission of the offense for which he has been convicted, and said person qualifies for disposition under [G. L. c. 90, § 24D,] and has consented to probation as provided for in said [§ 24D]" (emphasis added).[8] Section 24 (1) (*c*) (2), as amended through St. 2002, c. 302, § 3, provides, in pertinent part: "Where the license or the right to operate of a person has been revoked under paragraph (*b*) [of § 24 [1]] *and* such person has been previously convicted of . . . a like violation preceding the date of the commission of the offense for which such person has been convicted, the registrar shall not restore the license or reinstate the right to operate of such person . . . until *two years* after the date of the conviction" (emphasis added).[9] Read together, the Commonwealth argues, these two provisions

---

[7]We note that G. L. c. 90, §§ 24 and 24D, were amended again, effective June 30, 2003 (after the date of the defendant's second offense), in aspects that are not relevant to this case. See St. 2003, c. 28, §§ 1-19.

[8]Prior to the 2002 amendment, this provision (paragraph [*b*]) mandated license revocation unless the defendant had not been convicted of a like offense within "a period of ten years." See G. L. c. 90, § 24 (1) (*b*), as amended through St. 1994, c. 25, § 3.

[9]Before its amendment in 2002, this provision applied specifically to those whose prior conviction occurred within ten years of commission of the second offense. See G. L. c. 90, § 24 (1) (*c*) (2), as appearing in St. 1994, c. 25, § 4.

mandate revocation of a second offender's license for two years, regardless of when the first conviction took place.

There is, however, one exception to the mandatory license revocation procedures outlined in § 24, which is the alternative disposition provided by G. L. c. 90, § 24D. See *Daley* v. *Board of Appeal on Motor Vehicle Liab. Policies & Bonds*, 406 Mass. 857, 859 (1990). Section 24D provides, in pertinent part:

> "Any person convicted of or charged with operating a motor vehicle while under the influence of intoxicating liquor, may if such person consents, be placed on probation for not more than two years and shall, as a condition of probation, be assigned to a driver alcohol education program as provided herein and, if deemed necessary by the court, to an alcohol treatment or rehabilitation program or to both, and such person's license or right to operate shall be suspended *for a period of no less than forty-five nor more than ninety days*" (emphasis added).

Section 24D expressly applies to first-time drunk driving offenders, as well as offenders with a single prior conviction or assignment to an alcohol education or treatment program for a similar offense that occurred ten or more years earlier, once in their lifetime. See G. L. c. 90, § 24D, as amended through St. 2002, c. 302, § 5. See also A.M. Padellaro, Sanctions and Penalties, Trying OUI Cases in Massachusetts § 10.10, at 10-17 (Mass. Continuing Legal Educ. 2004). It is undisputed that the defendant had a single prior conviction of operating while under the influence of alcohol more than ten years before the incident at issue. The question we must decide is whether the judge correctly suspended the defendant's license for two years pursuant to § 24, or whether the defendant is entitled to the lesser penalty prescribed by § 24D.

Section 24D originally was conceived to provide an alternative procedure to the punishment imposed under § 24. See *Healy* v. *First Dist. Court of Bristol*, 367 Mass. 909, 910 (1975). The statute was established in 1974 on the recommendation of a special legislative commission that issued a report after having spent months studying the problem of drunken driving in Massachusetts. See Report of the Special Commission Relative to the Penalty for Driving Under the Influence of Intoxicating

Liquor, 1974 House Doc. No. 6163 (Report). The commission concluded that "[t]he law must do more than punish offenders; it must also change dangerous and destructive driving habits." *Id.* at 6.

While recognizing public safety as the primary goal of the law against drunk driving, the commission also acknowledged that the existing statute — which imposed a mandatory license loss of one year — had proved to be somewhat ineffective. The harsh sanction apparently caused police officers to be reluctant to arrest drunk drivers, and courts reluctant to convict them. See Report, *supra* at 6. In response, the commission drafted a bill (which ultimately became G. L. c. 90, § 24D) combining "both medical treatment and legal sanctions." *Id.* The proposed law established alcohol education and rehabilitation programs for those convicted of operating while under the influence and, just as important, provided incentives for offenders to participate in these programs. See *id.* at 6-7.

A key incentive for first offenders was the opportunity for "early, conditional" reinstatement of driving privileges. See Report, *supra* at 7. This provision was included not only to "provide the appropriate incentive," but also "to modify the law's present inflexibility." *Id.* Offenders who agreed to serve one year of probation and complied with court-ordered programs of alcohol education or rehabilitation would be eligible for conditional reinstatement of their driver's license after ninety days. See *id.* See also St. 1974, c. 647, § 1.

The mandatory duration of license suspension under § 24D changed over time. In 1982, the Legislature rewrote the section to mandate a thirty-day suspension of a defendant's license or right to operate. St. 1982, c. 373, § 6. See *Commonwealth* v. *Callen*, 26 Mass. App. Ct. 920, 921 n.3 (1988). Then, under the Safe Roads Act, the Legislature changed § 24D again to include its current requirement of a license suspension for at least forty-five and no more than ninety days. See St. 1986, c. 620, § 14. See also *Commonwealth* v. *Callen, supra* at 921 (calling Safe Roads Act "a fresh, comprehensive attack on drunken driving").

The Commonwealth asserts that in amending the drunk driving laws in 2002, "the Legislature created a clear and straightforward scheme" for determining the license penalty to

be imposed on offenders such as the defendant. We disagree. If anything, by removing the ten-year lookback provisions of § 24 (1) (*b*) and 24 (1) (*c*) (2), see St. 2002, c. 302, § 3, and notes 8 and 9, *supra*, the Legislature created an ambiguity with regard to a § 24D disposition for a qualifying second offender.[10] "We resolve in the defendant's favor, of course, any ambiguity in the statutes at issue." *Commonwealth* v. *Valiton*, 432 Mass. 647, 649 (2000), and cases cited. See *Commonwealth* v. *Carrion*, 431 Mass. 44, 45-46 (2000) (describing "rule of lenity").

Two aspects of the 2002 amendment to § 24D lend support to the view that the Legislature intended for qualifying second offenders whose prior conviction or assignment occurred ten or more years earlier to lose their license for no more than ninety days, once in their lifetime. First, in rewriting the second paragraph of § 24D, the Legislature eliminated language providing for a two-year loss of license, pursuant to § 24 (1) (*c*) (2), for those whose previous offense took place more than six but less than ten years earlier.[11] Second, as previously noted, at the same time it amended § 24D, the Legislature eliminated the ten-year "lookback" provisions of § 24. See St. 2002, c. 302,

[10]Indeed, although the prosecutor said at the plea hearing he felt "compelled" to seek a two-year license revocation, he acknowledged that the new statutory scheme was causing "great confusion."

[11]Prior to the 2002 amendment, § 24D provided, in pertinent part: "Any person convicted of or charged with operating a motor vehicle while under the influence of intoxicating liquor, who has been convicted . . . of a single like offense . . . more than six years, but less than ten years preceding the date of the commission of the offense with which he is charged may . . . be placed on probation for not more than two years and shall, as a condition of probation, be assigned to a driver alcohol education program . . . and, if deemed necessary by the court, to an alcohol treatment or education program or both, *and the person's drivers license or right to operate a motor vehicle shall be suspended for a period consistent with the provisions of [G. L. c. 90, § 24 (1) (c) (2)]*" (emphasis added). G. L. c. 90, § 24D, as amended through St. 1994, c. 25, § 7. Before it was amended in 2002, § 24 (1) (*c*) (2) provided that, "[w]here the license or the right to operate of a person has been revoked under paragraph (*b*) and such person has been previously convicted . . . of a like violation *within a period of ten years* preceding the date of the commission of the offense for which such person has been convicted, the registrar shall not restore the license or reinstate the right to operate of such person . . . until two years after the date of the conviction" (emphasis added). G. L. c. 90, § 24 (1) (*c*) (2), as amended through St. 1994, c. 25, § 4. See *Daley* v. *Board of Appeal on Motor Vehicle Liab. Policies & Bonds*, 406 Mass. 857, 858-859 (1990) ("The revocation period for a second offender is two years"). The

§§ 1-4. If the Legislature had intended for the amended paragraphs of § 24 governing license revocation to apply to second offenders who otherwise receive § 24D dispositions, it easily could have included language to that effect. Contrast *Commonwealth* v. *Valiton, supra* at 655. Instead, St. 2002, c. 302, § 5, specifically stated that § 24D *"shall also apply* to any person convicted of or charged with operating a motor vehicle while under the influence of intoxicating liquor who has been convicted of such offense . . . 10 years or more before the date of the commission of the offense for which he is to be sentenced" (emphasis added). Contrast *Dunbrack* v. *Commonwealth,* 398 Mass. 502, 503 & n.3 (1986) (noting that under previous version of statute, § 24D disposition was expressly inapplicable to second offender whose prior conviction or assignment occurred within six years of second offense).

Absent language resolving the ambiguity between § 24 and § 24D, second offenders who qualify for a disposition under § 24D should be treated no differently from first offenders. Limiting their loss of license to a maximum of ninety days comports with the plain wording of § 24D, as amended, as well as that section's historical purpose of providing an incentive to persons who "have a potential for rehabilitation" to opt for probation and alcohol treatment. See Report, *supra* at 3. At the same time, our holding leaves intact the dispositional provisions of § 24 for first and second offenders to whom a § 24D disposition would not apply.

3. *Conclusion.* The judgment is vacated insofar as it orders revocation of the defendant's license for two years. The case is remanded to the District Court for a hearing to determine the period of suspension of the defendant's license for not less than forty-five nor more than ninety days, pursuant to G. L. c. 90, § 24D.

*So ordered.*

---

2002 amendment to § 24 eliminated the phrase "within a period of ten years" from the above provision. See St. 2002, c. 302, § 3.