Kern, Leila R., J.
The plaintiff, Mark Rosenthal, brought this action pursuant to G.L.c. 30A, §14 to appeal a decision of the Board of Appeal on Motor Vehicle Liability Policies and Bonds affirming a decision of the Registry of Motor Vehicles. The Registry decision requires that Rosenthal install an ignition interlock device (IID) before he may restore his right to operate a motor vehicle pursuant to G.L.c. 90, §24 1/2. Presently before the court is the defendants’ Motion to Dismiss. For the reasons set forth below, the decision of the Board is affirmed, and the defendants’ motion is ALLOWED.
BACKGROUND
The facts are taken from the pleadings and the Administrative Record. Mark Rosenthal has been arrested twice for operating a motor vehicle under the influence (OUI). His first offense occurred on April 3, 1985. He admitted to sufficient facts in Lawrence District Court and was placed on probation and assigned to an alcohol education program pursuant to G.L.c. 90, §24D. Rosenthal complied with the conditions of his probation and was discharged on March 11, 1987.
On July 9, 2005, Rosenthal was arrested for a second OUI offense. He pled guilty or admitted to sufficient facts in Woburn District Court and was given a second-chance first-time offender disposition pursuant to G.L.c. 90, §24D. The court suspended his license for forty-five days, placed him on probation for one year, and assigned him to an alcohol education program. Because Rosenthal refused to submit to a chemical breath test at the time of his arrest, the court suspended his license for an additional year, pursuant to c. 90, §24(l)(f)(l).
On August 23, 2005, Rosenthal obtained a hardship license permitting him to drive between 8:00 a.m. and 8:00 p.m. The hardship license was due to expire on August 29, 2008. Rosenthal became eligible for full *476 reinstatement of his license in July 2006, but continued to drive on the restricted hardship license until August 2008. Beginning January 1, 2006 (and effective in July 2006 when Rosenthal became eligible for reinstatement), substantial changes had been made to Massachusetts’ OUI laws to require that persons with two or more OUI convictions install a certified IID on each vehicle that they own, lease or operate as a precondition to having a driver’s license restored. On August 25, 2008, Rosenthal sought to reinstate his license at the Registry of Motor Vehicles and was refused a full license unless he agreed to install an IID in his vehicle. He renewed his license with the twelve-hour operating restriction.
On January 22, 2009, Rosenthal requested a hearing with the Registry to remove the twelve-hour restriction. The Registry denied his request and issued a notice that effective February 22, 2009, Rosenthal’s license to operate would be revoked unless he agreed to install an IID in accordance with the statute. Rosenthal appealed to the Board. On April 15, 2009, the Board upheld the Registry’s ruling that Rosenthal must install an IID before his license will be restored in full.
Rosenthal filed this action for administrative review pursuant to G.L.c. 30A, §14. Rosenthal claims the Board’s decision affirming the actions of the Registry violates c. 30A, §§14(7) (a)-(e), (g), and is an abuse of discretion under c. 90, §24 1/2.
DISCUSSION
I.Standard of Review under G.L.c. 30A
Pursuant to G.L.c. 30A, §14(7), a court may set aside an agency decision only if “the substantial rights of any party may have been prejudiced because the agency decision is (a) [i]n violation of constitutional provisions; or (b) [i]n excess of the statutory authority or jurisdiction of the agency; or (c) (b)ased upon an error of law; or (d) [m]ade upon unlawful procedure; or (e) [unsupported by substantial evidence; or ... (g) [arbitrary or capricious, an abuse of discretion, or otherwise not in accordance with the law.” In reviewing an agency decision, the court must “give due weight to the experience, technical competence, and specialized knowledge of the agency, as well as to the discretionary authority conferred upon it” by statute. G.L.c. 30A, §14(7); Flint v. Commissioner of Pub. Welfare, 412 Mass. 416, 420 (1992).
Judicial review of an agency decision is confined to the administrative record and a court may not substitute its judgment for that of the agency. G.L.c. 30A, § 14(5); Southern Worcester County Regional Vocational Sch. Dist. v. Labor Relations Comm’n, 386 Mass. 414, 420-21 (1982). Nor may a court reject an administrative agency’s choice between two conflicting views, even though the court justifiably would have made a different choice had the matter been presented de novo. Zoning Bd. of Appeals of Wellesley v. Housing Appeals Comm., 385 Mass. 651, 657 (1982). As the party appealing the Board’s decision, Rosenthal bears the burden of demonstrating its invalidity. Merisme v. Board of Appeal on Motor Vehicle Liab. Policies and Bonds, 27 Mass.App.Ct. 470, 474 (1989).
II.First Offender Disposition
General Laws c. 90, §24D provides that any persons convicted of operating a motor vehicle under the influence of alcohol may be placed on probation, assigned to an alcohol education program and have their license suspended for a period of between forty-five and ninety days. The section applies to first-time offenders and to second offenders whose prior conviction is at least ten years old. Effective January 1, 2006, G.L.c. 90, §24 1/2, also known as Melanie’s Law, requires that any persons with two or more OUI convictions install a certified IID on each vehicle that they own, lease or operate as a precondition to having their license restored. The IID must remain in place for two years, and the driver must pay the costs of installing, monitoring, and maintaining the device. 540 Code Mass. Regs. §25.07(a).
The Supreme Judicial Court has held that “second offenders who qualify for a disposition under §24D should be treated no differently from first offenders.” Commonwealth v. Cahill, 442 Mass. 127, 134 (2004). However, the Registry is not bound by criminal dispositions in enforcing the drunk driving statutes. Luk v. Commonwealth, 421 Mass. 415, 419 n. 7 (1995) (“Although the judge did not so state, he sentenced Luk as if she were a first offender. This does not bind the registrar in fulfilling his duties under c. 90, §24”); Daley v. Board of Appeal on Motor Vehicle Liability Policies and Bonds, 406 Mass. 857, 860 (1990) (affirming the Registry's two-year suspension of plaintiffs license for a second OUI conviction pursuant to c. 90, §24, despite plaintiffs treatment in district court as a first offender).
Here, although Rosenthal received a second-chance first-time offender disposition under c. 90, §24D, he is still subject to the provisions of c. 90, §24 1/2. Accordingly, the Registry may treat him as a second offender for purposes of license reinstatement.
III.Application of Melanie’s Law to Rosenthal
Rosenthal argues that applying the IID requirement of Melanie’s Law to him constitutes an illegal retroactive application of the law because his actions and convictions occurred before January 1, 2006, when Melanie’s Law went into effect. However, Rosenthal did not become eligible to reinstate his license until July 2006, and he did not try to remove the hardship restrictions until August 2008.
In Gordon v. Registry of Motor Vehicles, 20 Mass L. Rptr. 563, 563 (Mass.Super. 2006), plaintiff Joseph W. Gordon’s license had been suspended as the result of two OUI convictions. Despite Gordon’s eligibility to reinstate his license in full on December 17, 2005, he did not apply until January 3, 2006, two days after *477 Melanie’s Law became operative. In denying his request for a preliminary injunction enjoining the Registry from enforcing the IID provision of Melanie’s Law against him, the Superior Court held that “the act triggering the application of Melanie’s Law to the plaintiff was Gordon’s application for a new license, not his previous OUI offenses.” Id. at 564, citing Commonwealth v. Bruno, 432 Mass. 489, 497-98 (2000) (“When the conduct triggering the statute’s application occurs on, or after its effective date, the statute’s application is deemed prospective, and therefore permissible”). Here, the triggering event was Rosenthal’s request to remove the hardship restrictions on his license, which occurred on August 25, 2008. Melanie’s Law, therefore, was properly applied.
A. Ex Post Facto and Double Jeopardy
The Board correctly concluded that the IID requirement as applied to Rosenthal does not violate due process, double jeopardy or ex post facto principles. The primary aim of license suspension is to promote public safety and as such, the IID requirement is remedial rather than punitive in nature. G.L.c. 90, §24 1/2; Luk, 421 Mass. at 423. As a remedial measure, Melanie’s Law is not the type of law to which ex post facto restrictions may attach. Weitz v. Collins, 22 Mass. L. Rptr. 647, 648 (Mass.Super. 2007), citing Dupont v. Chief of Police of Pepperell, 57 Mass.App.Ct. 690, 694 (2003) (concluding that prohibition on ex post facto laws only applies to those laws that are punitive in nature). Nor does the application of Melanie’s Law violate double jeopardy. Luk, 421 Mass. at 430 (concluding that because license suspension “is a reasonable sanction primarily designed to promote public safety,” the state “may suspend a license pursuant to c. 90, §24(1) (f)(1), and later bring criminal charges under c. 90, §24(l)(a)(l), without running afoul of the double jeopardy clause of the United States Constitution or Massachusetts common or statutory law”).
B. Due Process
Applying Melanie’s Law to Rosenthal also comports with due process. Luk, 421 Mass. at 430; Apostolopoulos v. Registry of Motor Vehicles, 21 Mass. L. Rptr. 616, 618-19 (Mass.Super. 2006). In Apos-tolopoulos, plaintiff Errol Apostolopoulos requested a preliminary injunction ordering the Registry to renew his license without first requiring that he install an IID in his vehicle. Apostolopoulos had two previous convictions for operating under the influence in North Carolina, first in 1991 and again in 1993. In 1995, he was issued a Massachusetts driver’s license which he renewed in 2000. In 2005, the Registry temporarily suspended his license by reason of administrative matters relating to the North Carolina offenses, and once the matters were resolved, the Registry notified Apostolopoulos that he could reinstate his license. Apostolopoulos did not attempt to reinstate his license until February 2006, a month after Melanie’s Law had taken effect. In affirming the Registry’s refusal to reinstate Apostolopoulos’s license unless he installed an IID, the Superior Court held that “the operation of a retroactive statute imposing civil sanctions” satisfies the due process requirement of reasonableness because it “(a) [ ]serve[d] an important public interest of health, safety, or welfare, (b) [ ]restrict[ed a] right or interest in liberty or property of less than fundamental character; and (c) [ ]diminishe[d] that right or interest to a rationally measured or calibrated degree.” Id. at 619, citing American Mfrs. Mut. Ins. Co. v. Commissioner of Ins., 374 Mass. 181, 189-96 (1978). The court in Apostolopoulos held: “In the circumstances of this case, the ignition interlock provision serves the very important purpose of highway safety. It operates as a result of two convictions, and not a single aberrant mistake. It restricts a significant personal freedom and property interest: an individual’s ability to drive as a means of conducting daily life and the pursuit of a livelihood. However, as a matter of degree, it does not remove that right or interest; it burdens it for a period of two years, at an intermediate expense, with some incidental stigma.” 21 Mass. L. Rptr. at 619.
In this case, requiring Rosenthal to install an IID to have his license reinstated serves the same veiy important purpose of promoting public safety and restricts a less than fundamental right to a rationally measured degree.[2] The Board’s decision was not in violation of G.L.c. 30A, §14(7), nor was it an abuse of discretion under c. 90, §24 1/2. The Board’s decision is therefore affirmed.
ORDER
For the foregoing reasons, it is ORDERED that the defendants’ Motion to Dismiss is ALLOWED. Judgment shall enter for the defendant.

In Apostolopoulos, the court noted that the plaintiffs offenses were “thirteen years removed from the imposition” of the IID, and that the Registry had “twice approved him as a qualified unrestricted driver for periods exceeding a decade.” The court held that applying the IID requirement to Apos-tolopoulos “passe[d] the test of reasonableness, but barely.” 21 Mass. L. Rptr. at 619. While Rosenthal’s first conviction is now twenty-four years old, his second offense occurred in 2005. The fact that his most recent conviction was only four years ago supports the determination that requiring him to install an IID is a reasonable measure to promote public safety. Furthermore, in Weitz, the court noted that while “the connection between Weitz’s convictions eleven years ago and the statute’s purpose of protecting the public from drunk drivers is tenuous,” the court may not “impose its own views on the legislature’s determination that the IID requirement applies to all individuals possessing two or more OUI convictions. If changes are required, the legislature must initiate them.” 22 Mass. L. Rptr. at 649, citing Luk, 421 Mass. at 429, quoting Mackey v. Montrym, 443 U.S. 1, 13 (1979) (“The Due Process Clause simply does not mandate that all governmental decision-making comply with standards that assure perfect, error-free determinations”).